1
2
3
4
5
6
7
8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 MICHAEL JACKSON,

11        Plaintiff,              No. 2:09-cv-02911-DAD P

12    vs.

13 JOHN W. HAVILAND, et al.,

14        Defendants.        <u>ORDER</u>

15 _____/

16        Plaintiff is a former state prisoner proceeding pro se with a civil rights action

17 pursuant to 42 U.S.C. § 1983.  The parties have consented to Magistrate Judge jurisdiction in

18 this action pursuant to 28 U.S.C. § 636(c).  (<u>See</u> Docs. No. 6 & 24.)  On September 22, 2011,

19 counsel on behalf of defendant Herrera filed a motion for summary judgment.  Plaintiff filed his

20 opposition to that motion on November 30, 2011.  By this order, the court will provide plaintiff

21 with the opportunity to file a supplemental opposition and will also provide defendant Herrera

22 with the opportunity to file a supplemental reply.

23        Pursuant to <u>Woods v. Carey</u>,  684 F.3d 934, ___, 2012 WL 2626912 (9th Cir.

24 2012), <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v.</u>

25 <u>Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following

26 requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  A

1   motion such as that recently filed on behalf of defendant Herrera and now pending before the

2   court is a request for an order for judgment in favor of the defendant without trial.  A defendant's

3   motion for summary judgment will set forth the facts that the defendant contends are not

4   reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for

5   summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one

6   or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of

7   perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the

8   matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.

9   Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

10  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

11  have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff

12  must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any

13  part of the transcript of one or more depositions, answers to interrogatories, or admissions

14  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

15  counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true

16  and grant the motion.  If there is some good reason why such facts are not available to plaintiff

17  when required to oppose a motion for summary judgment, the court will consider a request to

18  postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does

19  not serve and file a written opposition to the motion, or a request to postpone consideration of the

20  motion, the court may consider the failure to act as a waiver of opposition to the defendant's

21  motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed

22  or unopposed, judgment will be entered for the defendant without a trial and the case will be

23  closed as to that defendant.

24          Accordingly, IT IS HEREBY ORDERED that:

25          1.  In light of this notice and advisement, within fourteen days of the date of this

26  order, plaintiff shall file any supplemental opposition he wishes file in response to defendant

1    Herrera's motion for summary judgment that was filed on September 22, 2011.  In the

2    alternative, plaintiff shall inform the court that no supplemental opposition will be filed and that

3    he wishes to proceed solely on the opposition that he filed on November 30, 2011; and

4              2.  Should plaintiff file a supplemental opposition to the pending summary

5    judgment motion, defendant's supplemental reply, if any, shall be filed within seven days after

6    receipt of the supplemental opposition.

7    DATED: August 2, 2012.

8

9                                              _Dale A. Drozd_____

10   DAD:4                                      DALE A. DROZD
     jack2911.supp.oppo                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26