IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JACKSON,

        Plaintiff,                  No. 2:09-cv-02911-DAD P

    vs.

JOHN W. HAVILAND, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Docs. No. 6 & 24.) On September 22, 2011, counsel on behalf of defendant Herrera filed a motion for summary judgment. Plaintiff filed his opposition to that motion on November 30, 2011. By this order, the court will provide plaintiff with the opportunity to file a supplemental opposition and will also provide defendant Herrera with the opportunity to file a supplemental reply.

        Pursuant to Woods v. Carey, 684 F.3d 934, ___, 2012 WL 2626912 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. A

1  motion such as that recently filed on behalf of defendant Herrera and now pending before the
2  court is a request for an order for judgment in favor of the defendant without trial.  A defendant's
3  motion for summary judgment will set forth the facts that the defendant contends are not
4  reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for
5  summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one
6  or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of
7  perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the
8  matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.
9  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that
10 plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
11 have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff
12 must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any
13 part of the transcript of one or more depositions, answers to interrogatories, or admissions
14 obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with
15 counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true
16 and grant the motion.  If there is some good reason why such facts are not available to plaintiff
17 when required to oppose a motion for summary judgment, the court will consider a request to
18 postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does
19 not serve and file a written opposition to the motion, or a request to postpone consideration of the
20 motion, the court may consider the failure to act as a waiver of opposition to the defendant's
21 motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed
22 or unopposed, judgment will be entered for the defendant without a trial and the case will be
23 closed as to that defendant.
24             Accordingly, IT IS HEREBY ORDERED that:
25             1. In light of this notice and advisement, within fourteen days of the date of this
26 order, plaintiff shall file any supplemental opposition he wishes file in response to defendant

Herrera's motion for summary judgment that was filed on September 22, 2011.  In the alternative, plaintiff shall inform the court that no supplemental opposition will be filed and that he wishes to proceed solely on the opposition that he filed on November 30, 2011; and

    2.  Should plaintiff file a supplemental opposition to the pending summary judgment motion, defendant's supplemental reply, if any, shall be filed within seven days after receipt of the supplemental opposition.

DATED: August 2, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jack2911.supp.oppo