1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL JACKSON,

11              Plaintiff,                    No. 2:09-cv-02911-DAD P

12         vs.

13   JOHN W. HAVILAND, et al.,

14              Defendants.               <u>ORDER</u>

15   _____/

16              Plaintiff is a former state prisoner proceeding pro se with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  On September 13, 2012, the court denied defendant Herrera's

18   motion for summary judgment without prejudice and stated the court's intention to dismiss this

19   action should plaintiff fail to file the required notice of change of address by October 15, 2012.

20   On October 9, 2012, plaintiff filed his notice of change of address.  As directed by the court in its

21   September 13, 2012 order, on October 15, 2012 defendant Herrera then filed his renewed motion

22   for summary judgment.  However, plaintiff has failed to file an opposition to that renewed

23   motion for summary judgment.[1]

24   _____

25         [1] Of course, plaintiff may elect to file a new opposition to the renewed motion for
     summary judgment.  In the alternative, if plaintiff files a notice with the court indicating that
26   despite the notice provided regarding how to oppose a motion for summary judgment, he wishes

                                          1

1          Local Rule 230(l) provides in part: "Failure of the responding party to file an

2   opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

3   the granting of the motion and may result in the imposition of sanctions." On August 3, 2012,

4   plaintiff was advised of the requirements for opposing a motion for summary judgment such as

5   the renewed motion now before the court and was also advised that the failure to oppose such a

6   motion may be deemed a waiver of opposition to the motion. (See Doc. No. 34.) With this

7   order, the court again provides plaintiff with the notice required by Woods v. Carey, 684 F.3d

8   934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele

9   v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

10         Local Rule 110 provides that failure to comply with the Local Rules "may be

11   grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

12   within the inherent power of the Court." In the order filed September 9, 2010, plaintiff was

13   advised that failure to comply with the Local Rules may result in a recommendation that the

14   action be dismissed.

15         Good cause appearing, IT IS HEREBY ORDERED that within twenty-one days of

16   the date of this order, plaintiff shall file his opposition to defendant Herrera's renewed motion for

17   summary judgment. In the alternative, if plaintiff no longer wishes to pursue this action, he shall

18   file a request to dismiss this action without prejudice pursuant to Rule 41(a) of the Federal Rules

19   of Civil Procedure.

20   DATED: November 26, 2012.

21

22   DAD:4
     jack2911.ordoppo

23

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24   the court to consider the opposition he filed in response to defendant Herrera's original motion as
     his opposition to the renewed motion for summary judgment, the court will do so. However, the

25   court will not consider the opposition plaintiff filed in response to defendant Herrera's first
     motion for summary judgment as his opposition to the renewed motion unless he files a notice

26   requesting the court to do so.

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your /////

1   opposition.  If you do not respond to the motion, the court may consider your failure to act as a

2   waiver of your opposition.  See L.R. 230(l).

3          If the court grants the defendant's motion, whether opposed or unopposed, judgment will

4   be entered for that defendant without a trial and the case will be closed as to that defendant.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26