1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MICHAEL JACKSON,

11              Plaintiff,                    No. 2:09-cv-02911 DAD P

12         vs.

13    JOHN W. HAVILAND, et al.,

14              Defendants.                   ORDER

15    _____/

16              Plaintiff is a former state prisoner proceeding pro se with a civil rights action

17    pursuant to 42 U.S.C. § 1983.  The parties have consented to Magistrate Judge jurisdiction over

18    this action pursuant to 28 U.S.C. § 636(c).  (See Doc. Nos. 6 & 24.)  Pending before the court is

19    defendant Herrera's renewed motion for summary judgment.[1]  Plaintiff has failed to file an

20    opposition to that motion.

21    **I. Background**

22              Defendant Herrera first filed a motion for summary judgment on September 22,

23    2011.  (Doc. No. 27.)  When plaintiff failed to file a timely opposition to that motion, the court

24

25         [1]  This action is now proceeding with defendant Herrera as the sole defendant.  By
      screening order filed July 29, 2010 (Doc. No. 10), the court determined that plaintiff's complaint
      failed to state a cognizable claim against defendants Bradley, Abella, and Haviland and declined
26    to order service on those defendants.

1

1   issued an order on November 3, 2011, requiring plaintiff to file his opposition or a statement of

2   non-opposition, and advising plaintiff that his failure to file an opposition could be deemed as a

3   statement of non-opposition and would result in the dismissal of this action pursuant to Rule

4   41(b) of the Federal Rules of Civil Procedure due to his failure to prosecute this action or to

5   comply with the court's orders.  (Doc. No. 29.)

6          On November 30, 2011, plaintiff filed a five-page opposition to defendant

7   Herrera's motion for summary judgment.  (Doc. No. 32.)  However, in light of the Ninth

8   Circuit's then-recent decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), by order filed

9   August 3, 2012, this court contemporaneously advised plaintiff once again of the requirements

10  for opposing a motion for summary judgment such as that brought by defendant Herrera and

11  provided plaintiff with additional time to file a supplemental opposition or alternatively, to

12  advise the court that no such supplemental opposition to the motion would be filed and that

13  plaintiff wished to proceed based upon the opposition he had filed on November 30, 2011.  (Doc.

14  No. 34.)  However, the order containing the contemporaneous Woods notice was returned to the

15  court as undeliverable on August 13, 2012.

16         Accordingly, in an order filed August 23, 2012, the court directed plaintiff to file a

17  notice of change of address, and either his supplemental opposition to the pending motion for

18  summary judgment or a statement that no supplemental opposition would be filed.  (Doc. No.

19  38.)  The court also directed the Clerk of the Court to serve that order, as well as the court's

20  August 3, 2012 order (Doc. No. 34), at plaintiff's address of record as well as a Richmond,

21  California address provided by defendant's counsel.  Copies of the orders sent to plaintiff's

22  address of record were again returned to the court as undeliverable.  However, the orders sent to

23  plaintiff at the Richmond address provided by defense counsel was not returned.

24         By order filed on September 13, 2012, defendant Herrera's first motion for

25  summary judgment was denied without prejudice and plaintiff was provided a final opportunity

26  to file with the court a notice of change of address as required by the Local Rules.  (Doc. No. 40.)

1    On October 9, 2012, plaintiff finally filed his notice of change of address providing the court

2    with an address in Oakland, California.  (Doc. No. 42.)

3                    On October 15, 2012, defendant Herrera filed his renewed motion for summary

4    judgment.  (Doc. No. 43.)  Once again, plaintiff failed to file an opposition to that motion.  On

5    November 27, 2012, the court therefore ordered plaintiff to file his opposition to that motion for

6    summary judgment, if any, within twenty-one days or to advise the court if he wished that his

7    opposition filed in response to defendant Herrera's original motion for summary judgment be

8    deemed his opposition to the renewed motion for summary judgment.  (Doc. No. 44 at 1-2 &

9    n.1.)  Plaintiff was again advised that his failure to comply with the court's order could result in

10   the dismissal of this action.  (Id.)  Despite these repeated warnings, plaintiff has failed to file any

11   opposition to defendant Herrera's motion for summary judgment nor has he responded to the

12   court's November 27, 2012 order in any way.[2]

13   **II.  Rule 41(b) of the Federal Rules of Civil Procedure**

14                   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

15   an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

16   1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

17   court order the district court must weigh five factors including:  '(1) the public's interest in

18   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

19   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

20   and (5) the availability of less drastic alternatives.'"  Id. at 1260-61 (quoting Thompson v.

21

22          [2]  The court notes that had plaintiff notified the court that he was submitting the motion
     based on his opposition to defendant Herrera's original summary judgment motion, summary
23   judgment in defendant's favor would be appropriate.  In this regard, the court finds that
     defendant Herrera's motion is supported by her own declaration regarding the events about which
24   plaintiff complains.  (Doc. No. 43.)  Plaintiff's original three and a half page opposition, on the
     other hand, is not supported by his own declaration or any other evidence and the complaint he
25   filed in this action is not verified.  (Doc. Nos. 32 and 1.)  Therefore, were the court to address the
     merits of the pending motion based upon plaintiff's opposition filed to the original motion, it
26   would conclude that based on the undisputed facts and evidence submitted in support of the
     motion, defendant Herrera would be entitled to summary judgment in her favor.

3

1    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).  See also Ghazali v. Moran, 46 F.3d 52, 53

2    (9th Cir. 1995).

3    **III. Discussion**

4          The court has considered the five factors set forth in Ferdik.  The first two factors

5    strongly support dismissal of this action.  The action has been pending for over three years and

6    has reached the stage, set by the court's December 9, 2010 scheduling order, for resolution of

7    dispositive motions, and, if necessary, preparation for pretrial conference and jury trial.  (See

8    Doc. No. 17.)  This case has also been delayed on several occasions by plaintiff's failure to keep

9    the court appraised of his change of address.

10         Consideration of the fifth Ferdik factor also favors dismissal.  The court has

11   advised plaintiff of the requirements of the Local Rules and has twice advised plaintiff of the

12   requirements for opposing a motion for summary judgment such as that brought by defendant

13   Herrera.  Since the latest such advisement, plaintiff has now had five months to file a response to

14   the pending motion for summary judgment.  Furthermore, the court has provided plaintiff

15   repeated opportunities to file his opposition, or in the alternative, to request that his opposition

16   filed on November 30, 2011 be deemed his opposition for the pending summary judgment

17   motion.  Plaintiff has failed to respond to those orders.  Accordingly, the court finds no suitable

18   alternative to dismissal of this action.

19         Under the circumstances of this case, the third factor, prejudice to defendant from

20   plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

21   oppose the motion does not put defendant at any disadvantage in this action.  See Ferdik, 963

22   F.2d at 1262.  The defendant would only be "disadvantaged" by a decision to continue this action

23   where plaintiff has failed to file an opposition to the motion for summary judgment.

24         The fourth Ferdik factor, the public policy favoring disposition of cases on their

25   merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth

26   above, the first, second and fifth Ferdik factors strongly support dismissal and the third factor

4

1   does not mitigate against it.  Under the circumstances of this case, those factors in favor of

2   dismissal clearly outweigh the general public policy favoring disposition of cases on their merits.

3   **IV.  Conclusion**

4           For the reasons set forth above, IT IS HEREBY ORDERED that this action is

5   dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to plaintiff's failure to prosecute

6   this action and to abide by the court's orders.  In light of this order dismissing this action,

7   defendant Herrera's pending summary judgment motion (Doc. No. 43.) is rendered moot.

8   DATED: March 26, 2013.

9

10

11   DAD:4
     jack2911.41b

     DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26